IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr213

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RANDOLPH HARRIS AUSTIN | ) | |

**THIS MATTER** is before the Court on the motion of the defendant to dismiss the Second Superseding Indictment. (Doc. No. 74). For the reasons stated below, the motion will be DENIED.

Count One of the indictment charges the defendant with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base between August 2003 and August 2004, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. No. 73). The defendant challenges Count One by arguing that it fails to allege a conspiracy as defined by 21 U.S.C. § 848, which governs continuing criminal enterprises ("CCE"). While courts have recognized that a conspiracy in violation of § 846 is a lesser included offense of § 848, United States v. Cole, 293 F.3d 153, 160 (4th Cir. 2002), the defendant has provided no authority for his statement that the government may only prosecute conspiracies that meet the heightened requirements for a CCE conviction[1] (Doc. No. 74: Motion at 10). In fact, the cases are legion where defendants have been properly convicted of § 846 conspiracies without any reference to § 848. See e.g. United States v. Smith,

---

[1] A continuing criminal enterprise must involve a continuing series of offenses accomplished by five or more persons. 21 U.S.C. § 848(c). An ordinary drug conspiracy only requires an agreement between two or more persons to commit one or more drug violations. United States v. Stockton, 349 F.3d 755, 761 (4th Cir. 2003).

441 F.3d 254 (4th Cir. 2006); United States v. Alerre, 430 F.3d 681(4th Cir. 2005); United States v. Pratt, 351 F.3d 131, 135 (4th Cir. 2003). Therefore, the defendant's challenge to Count One is without merit.

Count Two charges the defendant with attempting to possess cocaine and cocaine base with the intent to distribute on August 4, 2004, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2. (Doc. No. 73). The defendant claims the attempt charge is invalid because Congress did not intend to create a lesser included offense of attempt for violations of § 841. (Doc. No. 74: Motion at 6).

Title 21, United States Code, Section 846 states:

> Any person who attempts . . . to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt . . .

Thus, the defendant is correct that Congress did not create a lesser included offense of attempt for drug trafficking, but it does not follow that the charge is, therefore, invalid. The plain language of § 846 defines a crime equal to any offense in the subchapter, which includes § 841. The Fourth Circuit has recognized that "21 U.S.C. § 846 specifically punishes an attempt to violate the drug trafficking laws" including § 841. United States v. Pratt, 351 F.3d 131, 135 (4th Cir. 2003).

In that case, the Fourth Circuit upheld convictions for attempt where the defendant sought to act as a middle man for drug transactions on three dates while he was part of a conspiracy to distribute cocaine. Id. at 136-37. Here, the defendant is charged with attempting to possess cocaine and cocaine base with intent to distribute on a particular date during the time period of an alleged drug trafficking conspiracy. Because the Fourth Circuit has recognized that such conduct, if proved, is sufficient to violate § 846, the defendant's argument that the charge is "a legal fiction" (Doc. No. 74: Motion at 6) is without merit.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to dismiss the Second Superseding Indictment (Doc. No. 74) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: July 31, 2006

Robert J. Conrad, Jr.
Chief United States District Judge