IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr213

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>RANDOLPH HARRIS AUSTIN (1) )<br>) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a new trial (Doc. No. 133), the government's response (Doc. No. 136), and pro se letters of the defendant. For the reasons stated below, the Court finds that the defendant has failed to carry his burden under Fed. R. Crim. P. 33 and denies the motion.

I.  INTRODUCTION

The defendant and a co-defendant were indicted for a conspiracy to possess with intent to deliver cocaine and crack cocaine (Count One) and an attempt to possess with intent to deliver cocaine. (Doc. No. 73: Second Superseding Indictment). On August 15, 2006, following a two-day trial, he was convicted of both offenses. (Doc. No. 117: Jury Verdict). The defendant is awaiting sentencing.

The defendant asserts that new evidence, that is a voice comparison analysis of a recording introduced at the trial, would have caused the jury to reach a different verdict. A forensic analyst concluded that nineteen words contained in five short phrases on a copy of the recording are dissimilar to samples given by the defendant over the telephone from jail, and that one phrase is similar, resulting in "probable elimination" of the defendant as the voice on the recording. (Doc. No. 133: Exhibit). Accordingly, the defendant seeks a new trial in order to present this information. The Court previously denied the defendant's pro se motion for a new

trial based on a similar claim that the voice on the recording is not his. (Doc. No. 119: Motion; Doc. No. 121: Order).

II.     DISCUSSION

When a defendant seeks a new trial based on newly discovered evidence under Rule 33 of the Federal Rules of Criminal Procedure, he must satisfy a five-part test: (1) that the evidence is, in fact, newly discovered; (2) that alleged facts enable the court to infer due diligence by the defendant; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is material to the issues involved; and (5) that the evidence would probably result in acquittal at a new trial. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). If the defendant fails to establish each of the five elements, a new trial is not warranted. Id.

   A.     Proffered Evidence Is Not New

"It is well established that evidence is not 'newly discovered' if it could have been discovered by the diligence of the defendant or his counsel before trial." United States v. Simmons, No. 94-5037, 34 F.3d 1067, 1994 WL 470193, slip op. at *6 (4th Cir. Sept. 1, 1994) (citing Aliff v. Joy Mfg. Co., 914 F.2d 39, 44 (4th Cir. 1990)). In Aliff, the Fourth Circuit affirmed a district court's denial of a new trial where the plaintiff sought to introduce expert reports generated after trial relating to information in the plaintiff's possession prior to trial. 914 F.2d at 44; see also United States v. Williams, 415 F.2d 232, 234 (4th Cir. 1969) (information not new when known on and before day of trial). Additionally, evidence is not new if counsel is alerted to the information prior to argument and submission of the case to the jury, and counsel makes no effort to offer testimony on the point, Dickson v. United States, 154 F.2d 642, 643 (4th Cir. 1946), or to request a continuance if surprised at trial, United States v. George, 568 F.2d 1064, 1072 (4th Cir. 1978).

Here, the recording of the drug transaction was provided to the defendant prior to trial. (Doc. No. 133: Motion at 3). Counsel offers a number of technological explanations as to why he was not able to review the digital the recording with the defendant prior to trial. These alleged facts do not enable the Court to infer that counsel exercised due diligence.[1] Moreover, the defendant alerted counsel that it was not his voice when the recording was played during trial. (Doc. No. 133: Motion at 3; Doc. No. 119: Pro Se Motion at 1-2). Counsel did not object or seek a continuance to investigate the defendant's allegation.[2] In fact, counsel incorporated recorded statements of the defendant when cross-examining witnesses. Drones, 218 F.3d at 499 (counsel made strategic decision to attack sloppy police work and other defenses rather than voice identification even though defendant informed counsel it was not his voice on undercover recording). Accordingly, the voice comparison analysis is not "newly discovered" because it is based on information known to the defendant on or before the day of trial.

B.      Proffered Evidence Is Impeaching

During the trial, the undercover detective identified the defendant's voice on the recording and testified that the recording had not been altered. The defendant seeks to attack the credibility of the detective and show that he committed perjury. (Doc. No. 137: Pro Se Reply at 3). The analyst's opinion that certain phrases on the recording are dissimilar to exemplars provided by the defendant is not substantive evidence of the defendant's innocence. Rather, it

---

[1] The failure to investigate voice identification analysis did not lead to a finding of ineffective assistance of counsel given the questionable admissibility of such evidence and other evidence of the defendant's guilt. United States v. Drones, 218 F.3d 496, 504 (5th Cir. 2000). Here there was overwhelming other evidence of the defendant's guilt.

[2] An official transcript of the trial has not been filed, but the Court has reviewed its notes and a rough version of the transcript.

would be offered merely refute the testimony of the detective. Therefore, a new trial is not warranted based on this factor. United States v. Johnson, 327 U.S. 106 (1945) (evidence relating only to the credibility of a witness does not justify a new trial).

    C.    Proffered Evidence Is Material

The recording of the attempted drug transaction was a significant piece of evidence in the trial. It gave the jury the opportunity to witness the event first-hand. The recording corroborated the testimony of the co-defendant who was attacked for alleged bias. Thus, evidence weakening the probative value of the corroborating recording is material to issues in the case.

    D.    Proffered Evidence Probably Would Not Result in Acquittal at New Trial

A court must consider the admissibility, United States v. MacDonald, 779 F.2d 962, 964 (4th Cir. 1985), and credibility, Jones v. United States, 279 F.2d 433, 436 (4th Cir. 1960), of new evidence when approaching the question of its probable effect at a new trial. Expert scientific evidence must now meet the Supreme Court's test for admissibility announced in Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579 (1993). The defendant has not cited any cases, nor has the Court found any, where spectrographic voice analysis such as he seeks to introduce has been found to be admissible under Daubert.[3] Drones, 218 F.3d at 499 (reaching same conclusion).

Even if the evidence were admitted at a new trial, it would likely not result in acquittal.

---

[3] In fact, a number of courts have rejected such evidence based on individual circumstances. See e.g. United States v. Ricketts, 141 Fed. Appx. 93 (4th Cir. July 2005) (court properly excluded evidence showing only that no meaningful scientific analysis was possible); United States v. Bahena, 223 F.3d 797, 810 (8th Cir. 2000) (expert violated professional standards by using copy of recording); United States v. Simmons, 431 F. Supp. 2d 38, 56 (D. D.C. 2006) (expert not qualified).

The recording would have no impact on Count One of the indictment which alleges a conspiracy with Jerry Starr and others to distribute cocaine and crack cocaine during the year prior to the recorded transaction. Starr testified credibly about his history of receiving crack from the defendant in exchange for driving him to various locations where he observed the defendant sell crack or pick up powder cocaine to cook into crack cocaine. That history is consistent with the events on the date alleged in Count Two when the defendant attempted to obtain powder cocaine from the undercover detective. Starr drove the defendant to the location in the same Jeep Grand Cherokee he used on other occasions. A confidential informant had arranged a nine-ounce deal for $6,200. Starr testified that the defendant brought six "bones," or bundles of cash, for the deal, and afterwards $6,020 was found in the Jeep's console. The defendant's intent to engage in a criminal transaction was shown by his repeatedly asking the detective if he was "the feds" and having him show his chest to prove that he was not wired. Starr and an officer surveilling the transaction testified that they each observed the defendant place the cocaine on scales, which were not in the detective's vehicle before the defendant's entry. Accordingly, there was overwhelming evidence of the defendant's guilt that would likely not be overcome by the admission of the voice comparison analysis.

III. CONCLUSION

A defendant must satisfy all five factors stated in Chavis to obtain a new trial based on newly discovered evidence. Here, the defendant has not shown that the proffered evidence is new, that he acted with due diligence, that the evidence is more than impeaching, and that a different result would probably occur at a new trial. Thus, a new trial is not required in the interest of justice.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: August 30, 2007

Robert J. Conrad, Jr.
Chief United States District Judge