UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-40-RJC
(3:05-cr-213-RJC-DCK-1)

| | |
|---|---|
| RANDOLPH HARRIS AUSTIN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner's pro se Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1); his pro se Amendment, (Doc. No. 3); the Government's Response and Motion for Summary Judgment, (Doc. Nos. 9, 10); Petitioner's Response (Doc. No. 14); Petitioner's Cross-Motion for Summary Judgment and related pleadings, (Doc. Nos. 18, 20, 21); a Supplemental Motion filed by counsel, (Doc. No. 27); and the Government's Response partially in support, (Doc. No. 36); For the reasons below, the supplemental motion will be granted in part and Petitioner will be returned to this district for resentencing.

I.  BACKGROUND

Petitioner was initially indicted for conspiring to possess with intent to distribute at least 5 kg of cocaine between August 2003 and August 2004, in violation of 21 U.S.C. § 846 (Count One), and possessing with intent to distribute cocaine, and aiding and abetting, on August 4, 2004, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Count Two). (Case No. 3:05-cr-213, Doc. No. 1: Indictment). Prior to his arrest, the Government filed a notice pursuant to 21 U.S.C. § 851 alleging Petitioner, a.k.a. Matarbus Raynard Fewell, had previously been convicted

1

of a felony drug offense. (Id., Doc. No. 5: Information). After his arrest, the Government amended its § 851 notice to include the alias "Randolph Harris" and four drug cases consolidated for sentencing in North Carolina state court. (Id., Doc. No. 17).

Petitioner filed a plea agreement based on the original indictment, (Id., Doc. No. 33), but failed to get through a Plea and Rule 11 hearing. Thus, he never entered a guilty plea. Prior to trial, the grand jury returned a superseding indictment altering Count Two to attempted possession, in violation of 21 U.S.C. § 846, and removing the named co-defendant. (Id., Doc. No. 43: Superseding Indictment at 2). The grand jury returned a second superseding indictment altering the drug quantity in Count One to include at least 50 g of cocaine base and at least 500 g of cocaine. (Id., Doc. No. 73). The jury found him guilty on both counts and found that the drug quantities alleged in Count One were reasonably foreseeable to Petitioner. (Id., Doc. No. 117: Jury Verdict).[1]

The U.S. Probation Office prepared a presentence report (PSR) and concluded that based on the amount of drugs found by the jury, Petitioner qualified for a base offense level of 30 under USSG §2D1.1. The PSR also found that Petitioner qualified as a career offender under §4B1.1 based on his two state drug convictions that were identified by the Government in the § 851 notice, with a resulting offense level of 37. (Id., Doc. No. 173: PSR at ¶36). Even without the career offender designation, PSR reported a criminal history category VI based on 18 criminal history points. (Id. at ¶56). The statutory and advisory guideline range of imprisonment for Count One was life based on his prior convictions and the jury's drug quantity finding. (Id. at ¶¶ 119, 120). The statutory and advisory guideline range for Count Two was not more than 30

---

[1] The Court granted in part Petitioner's motion for judgment of acquittal following the presentation of the Government's evidence by striking the aiding and abetting theory of liability in Count Two because the other person was serving as a government agent at the time of that offense.

years. (Id.). Petitioner filed a blanket response to the PSR objecting to the entirety of the report and complaining that he was not provided sufficient notice prior to his interview for the preparation of his PSR. (Id. at 26). The probation officer explained that Petitioner was offered an additional week from the date of the initial interview, but Petitioner later refused to be interviewed. (Id.).

The Court sentenced Petitioner to the mandatory term of life imprisonment on Count One and a concurrent term of 360 months on Count Two. (Case No. 3:05-cr-213, Doc. No. 162: Judgment at 2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, where counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there appeared to be no meritorious issues, but arguing that the Court erred in allowing an agent to testify as both a fact witness and as an expert. Petitioner filed a pro se brief raising numerous claims of error which included the sufficiency of the evidence, prosecutorial misconduct, error in admitting evidence of his flight, error denying a motion for new trial, and claims of ineffective assistance of counsel. The Fourth Circuit reviewed all the claims and found them to be without merit.[2] United States v. Austin, 347 F. App'x 945, 946-47 (4th Cir. 2009).

Petitioner did not file a petition for a writ of certiorari with the Supreme Court, but rather timely filed the instant § 2255 motion and amendment raising a number of issues related to ineffective assistance of counsel. (Doc. Nos 1, 3). Counsel's supplemental motion adds a Simmons claim based on the 21 U.S.C. § 851 enhancement and seeks alternative relief. (Doc. No. 27). With the filing of the Government's response, (Doc. No. 36), this matter is ripe for decision.

---

[2] The Court found that Petitioner's claim of ineffective assistance of counsel was not cognizable on appeal because such did not appear conclusively on the face of the record. United States v. Austin, 347 F. App'x 945, 947 at n. 1 (4th Cir. 2009).

3

## II. STANDARD OF REVIEW

### A. Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### B. Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have the right to the effective assistance of counsel for his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient

performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice, a petitioner "must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis omitted) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, a petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If a petitioner falls short of meeting his burden here, then "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the performance prong, the Court must not grant relief solely because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.' " Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

B. Procedurally Defaulted Claims

In its motion for summary judgment, the Government first contends that Petitioner procedurally defaulted many of the claims in this collateral proceeding because the claims were

5

either decided on direct appeal or that Petitioner failed to raise the claims on direct appeal. The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Put another way, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

In his § 2255 motion, Petitioner raises the following claims of ineffective assistance of trial counsel: (1) failure to object to the indictment returned by the grand jury (Ground Four); (2) failure to properly object to the Government's untimely notice of its intention to offer testimony from Agent Tadeo that would be both factual and based on his experience as an expert (Ground Eight); (3) failure to object to the trial court's jury instructions on Petitioner's flight from law enforcement (also numbered as Ground Eight); and (4) failure to object to the Government's use of a chart representing drug amounts that Petitioner contends contained inadmissible hearsay and was unreliable (Ground Nine). (3:11-cv-40, Doc. No. 1-1: Memorandum at 11, 16-20). Counsel and Petitioner pro se challenged the admission of testimony of Agent Tadeo as a fact and expert witness, which was rejected. (United States v. Austin, No. 08-4608, Doc. No. 30: Appellant's Brief; Doc. No. 38: Defendant's Pro Se Brief). Petitioner raised the substance of the remaining grounds for relief in his pro se brief and these claims were also rejected as noted in the appellate decision.

The Court finds that recasting these claims as ineffective assistance does not avoid the procedural bar on relitigation of claims that were expressly or impliedly decided on appeal. Even so, the Court finds that these conclusory allegations are without merit and fail to overcome the presumption of prejudice. Therefore, Petitioner is not entitled to relief on any of these claims.

6

Petitioner raises other claims in the instant § 2255 motion that he could have but failed to present in his pro se brief on direct appeal. Petitioner contends that his counsel was ineffective in failing to properly object to the trial court's "improper restriction" on his counsel's ability to cross-examine Jerry Starr whom he identifies as the Government's "star" or "key" witness (Ground Six). (Doc. No. 1-1 at 13). Petitioner did not challenge the Court's ruling on appeal and has not demonstrated cause or prejudice for failing to do so. Even so, the issue is without merit because the Court allowed counsel to question the witness on his understanding of the plea agreement and merely prohibited questions regarding his lawyer's advice about it. (Case No. 3:05-cr-253, Doc. No. 146: Trial Tr. at 157).

    C.    Other Ineffective Assistance of Counsel Claims

        1.    Ground One

Petitioner argues that both his trial counsel were ineffective because they failed to adequately advise him such that he could make an informed decision about pleading guilty and avoiding a life sentence. (Doc. No. 1-1: Memorandum at 3-4). As detailed above, Petitioner was initially indicted on one count of conspiracy to possess with intent to distribute at least 5 kg of cocaine over the period of a year, and one count of possession of with intent to distribute cocaine stemming from an alleged transaction on August 4, 2004. (3:05-cr-213, Doc. No. 1). He entered into a written plea agreement on November 5, 2005, to a lesser charge on Count One with a stipulated drug quantity between 200 and 300 grams of cocaine, for which he would face a maximum sentence of 20 years. (Case No. 3:05-cr-213, Doc. No. 33 at 1-2). The agreement contemplated assistance to the Government with a possible sentence reduction. (Id. at 5-7).

Entry of Petitioner's plea before a magistrate judge was delayed several times in an attempt to gain pretrial release to assist the Government further. (Case No. 3:05-cr-213, Oral

7

Order, Nov. 16, 2005; Oral Order, Nov. 29, 2006; Doc. Entry, Feb. 23, 2006; Oral Order, April 19, 2006). Although Petitioner had been appointed counsel at his initial appearance, (Id., Doc. No. 8: CJA 20), he retained counsel for the limited purpose of seeking release on bond. (Id., Doc. Entry Nov. 3, 2005). Eventually, this Court set the matter for status hearing on May 8, 2006, (Id., Doc. No. 38: Order), and later denied Petitioner's motion for release on May, 23, 2006.[3] On June 1, 2006, Petitioner's initially appointed counsel filed a motion to withdraw citing a strained attorney-client relationship and a conflict of interest. (Id., Doc. No. 40). The Court granted the motion and appointed substitute counsel. (Id., Oral Order, Jun. 5, 2006).

Petitioner appeared with new counsel on July 31, 2006, for arraignment on the second superseding indictment. During that proceeding, the Government stated it tendered a plea agreement to Petitioner two weeks earlier which would have provided for a 15 year sentence, but that Petitioner rejected it. (Id., Doc. No. 187: Tr. at 3-4). Counsel added that he had advised Petitioner and it was his choice whether to plead guilty, which Petitioner did not correct. (Id. at 4). Thus, the record clearly shows that Petitioner had, but rejected, the opportunity to plead to a lesser offense and avoid a mandatory life sentence. Even so, Petitioner has not shown prejudice from his lawyers' actions because he will be resentenced without consideration of the formerly applicable mandatory life term. Therefore, he is not entitled to relief on this claim.

    2.    Grounds Two and Five

Petitioner claims that trial counsel failed to properly investigate the circumstances of his case before trial (Ground Two) and failed to seek a continuance for further investigate the nature of the evidence to be offered by the Government witnesses (Ground Five). (Doc. No. 1-1: Memorandum at 8,12). These conclusory arguments are insufficient to rebut the presumption of

---

[3] Petitioner appealed the Court's ruling, (Doc. No. 39, Notice of Appeal), but the Fourth Circuit affirmed the denial of bond, (Doc. No. 71: Opinion).

competence. Additionally, the record clearly shows that counsel vigorously contested the Government's evidence through pretrial motions and cross-examination, and the Court warned Petitioner that no further continuance would be granted when it appointed trial counsel, (Case No. 3:05-cr-213, Oral Order, June 5, 2006). The fact that the evidence presented by the Government in an adversarial proceeding was sufficient to convince a jury, this Court, and the Fourth Circuit of Petitioner's guilt does not warrant a finding that counsel was constitutionally deficient by failing to win an acquittal.

        3.        Ground Seven

Next, Petitioner contends that his trial counsel failed to lodge a proper objection to the Government's effort to bolster the testimony of confidential informant Jerry Starr. (Id., Doc. No. 1-1 at 15). After Starr testified, the government called Agent Tadeo who testified about the methods of cocaine and crack traffickers based on his training and experience. (Case No. 3:05-cr- 213, Doc. No. 147: Tr. at 239-252). During part of his testimony, he merely calculated the drug quantities related by Starr converting ounces to grams to arrive at a total figure. (Id. at 245-252). Not only did counsel repeatedly object to the testimony, but the Fourth Circuit found no error in its admission. Thus, this issue is without merit.

        4.        Ground Ten

The Court appointed Petitioner new counsel for sentencing based on a potential conflict of interest that developed for trial counsel. (Case No. 3:05-cr-213, Oral Order, Sept. 7, 2007). Petitioner argues that new counsel failed to object to the Court's imposition of a 360 month sentence on Count Two without separately considering the factors in 18 U.S.C. § 3553(a). (Doc. No. 1-1 at 20). Consistent with USSG §§3D1.1 and 5G1.2, the Court determined the sentence for the drug counts as one group and ordered that the sentence for Count Two be served concurrently

9

with the life sentence for Count One. Thus, Petitioner has not shown that he would have received a more lenient sentence if counsel had objected. Additionally, because Petitioner will be resentenced, this issue is moot.

5. Ground Eleven

Petitioner claims sentencing counsel was ineffective in failing to file a challenge to the prior North Carolina state convictions used to enhance his sentence. (Doc. No. 1-1 at 21). At the time Petitioner was sentenced, controlling precedent foreclosed such an attack on his prior convictions. See United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Thus, counsel was not ineffective because there was no reasonable probability that the result of the proceeding would have been different. Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) ("[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.") (internal citations omitted); United States v. Jackson, 526 F. App'x 338, 340 (4th Cir. 2013) (discussing similar claim under United States v. Shepard, 544 U.S. 13 (2005), decided well after counsel's action).

6. Ground Twelve

Petitioner claims appellate counsel failed to present certain challenges on appeal. (Doc. No. 1-1: Memorandum at 26-27). Petitioner's counsel filed an Anders brief after concluding that there were no meritorious issues to present on appeal and the Fourth Circuit agreed after carefully reviewing the record. Counsel is afforded broad discretion in determining which issues to argue on appeal. See Jones v. Barnes, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues."); see also Fisher v. Lee, 215 F.3d 438, 457 (4th Cir. 2000) ("In reviewing a claim that appellate

10

counsel was ineffective, we accord counsel 'the presumption that he decided which issues were most likely to afford relief on appeal . . .'") (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). Therefore, Petitioner has failed to show any prejudice from counsel's performance on appeal.

       7.       Conflict of Interest

In his final claim of ineffective assistance of counsel, Petitioner argues that his trial counsel labored under a conflict of interest when he discussed religion with him while Petitioner was detained and awaiting disposition of his criminal charges. (Doc. No. 3: Motion to Amend at 3). Petitioner contends that he was "bamboozled" into thinking that everything would work out fine at trial based upon faith. (Id.). In order to establish a claim under Strickland based on an actual conflict of interest, a petitioner "must show that his interests diverged with respect to a material factual or legal issue or to a course of action." United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007) (internal quotation marks and citations omitted). In short, Petitioner must demonstrate that there was an actual conflict and this conflict operated to adversely impact his counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).

As discussed above, the record clearly shows that Petitioner chose to reject the 15 year plea agreement. Even if Petitioner's choice was informed by religious faith, he has not alleged any facts showing that counsel's performance or decision making was affected by an adverse interest. Therefore, this issue is without merit.

    D.    Simmons Claims

Petitioner moved pro se to amend his § 2255 motion to add a claim that his two prior North Carolina drug offenses no longer qualified to enhance his sentence under United States v.

Simmons, 649 F.3d 237 (4th Cir. 2011).[4] (Doc. No. 16). Appointed counsel also filed a supplemental motion requesting § 2255 or alternative relief based on Simmons. (Doc. No. 27).

1.  Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's judgment became final on January 18, 2010, ninety days after the Fourth Circuit affirmed his conviction and sentence, and when his time to file a petition for writ of certiorari with Supreme Court expired. See Clay v. United States, 537 U.S. 522, 530 (2003). Petitioner, therefore, had until January 18, 2011, to file his petition in a timely manner. Because Petitioner filed his motion to amend raising the Simmons claim on January 12, 2012, and counsel filed the supplemental motion on February 26, 2013, they are untimely under § 2255(f)(1).

A cause of action barred by an applicable statute of limitations is futile; therefore, an untimely amendment can be denied. Id. However, Rule 15(c) allows time-barred amendments if they "relate back" to the original pleading. Id. Rule 15(c) is satisfied "when 'the claim or defense

---

[4] The Court denied the motion to amend, but stated its intention to consider the merits of the claim under Petitioner's claim regarding counsel's ineffective assistance for failing to challenge career offender designation. (Doc. No. 19: Order at 2).

12

asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(2), now codified as Fed. R. Civ. P. 15(c)(1)(B)). The Supreme Court has held that permissible new claims must relate to a "common core of operative facts" as the timely claims. Maye v. Felix, 545 U.S. 644, 664 (2005). Here, Petitioner's initial § 2255 motion claimed counsel was ineffective for failing to argue against the prior convictions based on then-recent Supreme Court decisions that he claimed called Fourth Circuit precedent into doubt. (Doc. No. 1-1: Memorandum at 22). The motion to amend and supplement motion claim relief based on the change in the law brought about by the Simmons decision in 2011. (Doc. No. 16: Motion to Amend at 2; Doc. No. 27: Supplemental Motion at 2). Therefore, they do not relate to a common core of operative facts and do not relate back to the original motion.

Nevertheless, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected "in the interests of justice" to waive its defense "as to sentencing errors that resulted in the improper application of a mandatory minimum term of imprisonment" and asks the Court to reach the merits of Petitioner's Simmons claim related to the application of 21 U.S.C. §§841(b)(1)(A) and 851, but not the application of the career offender guideline. (Doc. No. 36: Response at 2, 6).

    2.    Simmons Claim against § 851 Enhancement

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of

whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id. In that decision, the Fourth Circuit also noted that substantive rules apply retroactively because of the significant risk that a defendant "faces a punishment that the law cannot impose on him." Id. at 145 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)) (internal quotation marks omitted).

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior convictions used to trigger a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) could not have resulted in a sentence of more than one year in prison. (Doc. No. 27: Supplemental Motion at Exhibit 1, 2; Doc. No. 36: Response at 7-8). Thus, he faced a punishment the law could not impose on him. See Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) ("Mandatory minimum sentences increase the penalty for a crime."); United States v. Mubdi, 539 F. App'x 75,

14

76 (4th Cir. 2013) (applying Alleyne to § 841 sentence). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur of the sentence on Counts One and Two in the circumstances of this case.

3.   Simmons Claim against Career Offender Designation

As noted above, the Government asserts its statute of limitations defense to Petitioner's untimely challenge to career offender designation.[5] Therefore, that claim will be denied as untimely. Accord United States v. Sawyer, --- F. App'x ---, 2014 WL 211896 (4th Cir. Jan. 21, 2014) (denying untimely Simmons claim to career offender designation).

Even if the Court were to consider the merits, the challenge to career offender designation presents a nonconstitutional challenge to the application of the Sentencing Guidelines. Title 28 U.S.C. § 2255 provides, in pertinent part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Yet, "[b]arring extraordinary circumstance, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'" United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999).

Here, Petitioner was properly found to be a career offender based on then-binding Fourth Circuit precedent; therefore, at the time he filed his § 2255 motion he had no

---

[5] Since the filing of the Government's response on March 19, 2014, neither Petitioner nor counsel have filed a reply asserting that the claim should nevertheless be considered on its merits.

15

viable claim that his career offender designation was not authorized by law. Even with the career offender designation, Petitioner did not, and will not on resentencing, receive a sentence exceeding the statutory maximum. See also Powell, supra at 563 n.2 ("Of course, even defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on Carachuri to obtain § 2255 relief.") (King, J., concurring in the judgment). Therefore, he is not entitled to relief on this claim.

E. Alternative Claims for Relief

1. Section 2241

Petitioner seeks alternative relief from career offender designation under 28 U.S.C. § 2241. (Doc. No. 27: Supplemental Motion at 19). This petition will be denied. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34.

In the present case, Petitioner does not raise a challenge to the legality of his conviction. Instead, Petitioner challenges his sentence as being impermissibly enhanced based on prior North

16

Carolina state drug convictions. Albeit unsuccessful, as Petitioner is only challenging his sentence he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate to challenge the legality of his sentence.

2. Coram Nobis

Petitioner contends that if the preceding petitions are denied, he should be entitled to relief through a writ of coram nobis. (Doc. No. 27: Supplemental Motion at 22). Relief pursuant to a writ of coram nobis should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). Petitioner is still in custody; therefore he is not entitled to coram nobis relief and the petition will be denied.

3. Audita Querela

In his final claim for relief, Petitioner contends that he should be entitled to a writ of audita querela. (Doc. No. 27: Supplemental Motion at 23). The Court finds that the writ of audita querela is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a § 2255 motion. "A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim

pursuant to Section 2255)). Petitioner was able to challenge his sentence through a motion under § 2255, and the application for this petition will be denied.

IV. CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims, except the Simmons claim in the supplemental motion relating to the application of 21 U.S.C. §§ 841(b)(1)(A) and 851to his sentence on Counts One and Two.

**IT IS, THEREFORE, ORDERED that**

1. Petitioner's Supplemental Motion to Vacate his sentence on Counts One and Two in Case No. 3:05-cr-213, (Doc. No. 27), is **GRANTED in part**, and Petitioner shall remain in the custody of the Bureau of Prisons pending resentencing, which will be scheduled by separate order; Petitioner's alternative claims for relief are **DENIED**;

2. The Government's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**;

3. Petitioner's Motion for Summary Judgment, (Doc. No. 18), is **DENIED**;

4. Petitioner's Motion to Vacate based on ineffective assistance of counsel, (Doc. No. 1), as amended, (Doc. No. 3), is **DENIED** and **DISMISSED**; and

5. As to Petitioner's denied or dismissed claims, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)

(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 31, 2014

Robert J. Conrad, Jr.
United States District Judge